

# Law Office of David Wims

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

July 2, 2019

**BY ECF**

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
Attn: Honorable Sandra J. Feuerstein

**Re:** **Elsie David v. SCO Family of Services, Inc. (18CV5803)(SJF)**

Dear Judge Feuerstein:

This office represents Plaintiff in this action and we submit this joint letter for the Court's assessment and approval of the proposed settlement agreement ("Agreement") reached between the parties, a copy of which is attached hereto as Exhibit 1.

Plaintiff hereby respectfully requests that the Court approve the Agreement because it represents a fair resolution of this matter based on the risks, negotiated at arm's length between experienced counsel.  The Agreement was facilitated by private settlement talks between the instant parties' counsel.

The parties have resolved the claims of Plaintiff for a lump sum payment of $1,000.00, of which Plaintiffs' counsel shall be entitled to $333.33 of said sum as compensation for attorneys' fees and costs.

I further request that the Court approve our firm's attorneys' fees and litigation costs in the amount mentioned above, which is a substantial reduction based on the lode star method.  For the purposes of settlement, Defendant takes no position with respect to the reasonableness of my request for attorney's fees, which represents 33% of the total settlement.

Law Office of David Wims                                                                          7/2/2019

## **The Settlement Agreement is Fair and Reasonable**

As Plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* ("FLSA"), the parties' settlement must be approved by this Court.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

An  FLSA settlement should receive judicial approval where it is "fair and reasonable."  *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).[1]  Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013).  Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."  *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement).  In evaluating whether a proposed settlement is fair and reasonable, "a court should consider the totality of circumstances including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336, (S.D.N.Y. 2012)(citations and quotation marks omitted).  As well, Courts must consider "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008).

Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky*, 900 F.

---

[1] The parties note that *Cheeks* relies heavily on the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), and that the Eleventh Circuit itself has subsequently contemplated that the supervision doctrine laid out in that case may apply only where a "compromise" of an FLSA claim has occurred.  *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

Supp. 2d at 335 (alteration in original) (internal quotation marks omitted), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

Here, the Agreement allows Plaintiff to avoid the time, uncertainty, costs and stress that it would undergo if this case proceeded to summary judgment motion practice and then trial. The early stage of this litigation (ie., prior to trial and a lengthy appeal) was one of the factors that induced Plaintiff to reach a compromise.

Given the risk of proceeding to trial and the distinct possibility that Plaintiff's claims might not survive summary judgment, the settlement amount was reached through negotiations based on the controlling law and facts at bar.

In sum, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims, including but not limited to the amount and extent of work performed by Plaintiff and the applicability of the FLSA professional exemption. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive negotiations. As well, it is likely that substantive answers to the issues disputed by the parties would not be resolved until after significant further motion practice, and a trial. Here, the parties were able to reach an agreement at a relatively early stage of proceedings, before any trial. *See Burgos v. San Miguel Transp., Inc.*, 2016 U.S. Dist. LEXIS 166248, *6, 2016 WL 7015760 (S.D.N.Y. Dec. 1, 2016) (citing early stage of the case as one of the factors supporting the fairness of a settlement that was substantially below the amount that plaintiff initially contemplated).

Moreover, there is no question that the settlement did not come about because of "overreaching" by the employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations over several months, including review of payroll records. The parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case unquestionably constitutes the most efficient and effective conclusion to this litigation. Defendant

Law Office of David Wims                                                                 7/2/2019

asserted legitimate substantive defenses which highlighted substantial risk to Plaintiff's ability to continue this FLSA and NYLL litigation.  *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) (FLSA protects only minimum wage and overtime).  Arm's-length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution.

Based on the above, we ask the Court to approve the parties' settlement agreement, including attorneys' fees, and dismiss this matter with prejudice.  Thank You for Your time and consideration.  Feel free to contact me with questions or concerns.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: Fatima Guillen-Walsh, Esq. (By ECF)
Brendan Sweeney, Esq. (By ECF)